**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KEVIN V. HUX; RODNEY LYNCH;
ANTHONY T. KELLAM-BEY,
Plaintiffs-Appellants,

v.

HYATT CORPORATION, t/a Hyatt
Regency Hotel, a Delaware
Corporation; STEVE NYSTROM,

individually and in his former
corporate capacity as Manager of
the Engineering Department; FRANK
ALAGNA, individually and in his
corporate capacity as Assistant
Manager of the Engineering
Department,
Defendants-Appellees.

No. 98-1715

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA- 97-3087-MJG)

Argued: May 7, 1999

Decided: June 25, 1999

Before MURNAGHAN and LUTTIG, Circuit Judges,
and WILLIAMS, Senior United States District Judge
for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Glen Marcus Fallin, Severna Park, Maryland, for Appellants. Stephen Michael Silvestri, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellees. **ON BRIEF:** Brooks R. Amiot, MILES & STOCKBRIDGE, P.C., Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Kevin V. Hux, Rodney Lynch, and Anthony T. Kellam-Bey appeal the district court's award of attorney's fees and costs under 42 U.S.C. § 1988 following the dismissal of their discrimination action against Hyatt Corporation, Frank Alagna, and Steve Nystrom. Finding no abuse of discretion, we affirm.

I.

On April 24, 1996, plaintiffs Hux, Lynch, and Kellam-Bey filed suit against defendants Hyatt, Alagna, and Nystrom in Maryland state court. Plaintiffs made various claims of discrimination under both Maryland and federal law, including a claim of racial discrimination under 42 U.S.C. § 1981. Defendants filed a timely notice of removal; plaintiffs, through their counsel, Glen Fallin, moved for a remand. The district court denied the motion for remand as frivolous. Defendants subsequently moved for summary judgment; plaintiffs, however, failed to file a response to the motion, despite the district court's repeated extension of the deadline to do so. On April 9, 1997, the district court dismissed the action with prejudice for plaintiffs' failure to file a response. Plaintiffs then appealed to this court; however, after

2

plaintiffs failed to file the requisite forms or pay the filing fee, we dismissed the appeal for want of prosecution.

On May 12, 1997, despite the earlier dismissal with prejudice, plaintiffs filed essentially the same action once again in Maryland state court. Once again, plaintiffs made various claims of discrimination under both Maryland and federal law, including a claim of racial discrimination under 42 U.S.C. § 1981:

> H. Statement of fourth claim.
>
> 54. By discriminating against Plaintiff Kellam-Bey on the basis of his race, African-American, in the terms, conditions, and termination of his employment, Defendants violated the Thirteenth Amendment to the United States Constitutional [sic] and 42 U.S.C. § 1981 and therefore are liable to Plaintiff Kellam-Bey for compensatory and punitive damages, as well as Plaintiff Kellam-Bey's reasonable attorney fees, pursuant to 42 U.S.C. § 1988.

J.A. at 19. Once again, defendants filed a timely notice of removal, then moved for summary judgment. Once again, on November 19, 1997, the district court granted defendants' motion for summary judgment. Once again, plaintiffs appealed to this court; once again, we dismissed the appeal for want of prosecution.

On December 3, 1997, defendants petitioned for an award of attorney's fees and costs against plaintiffs under 42 U.S.C. § 1988, seeking reimbursement of their fees and costs in litigating the second action by plaintiffs. Plaintiffs failed to respond to defendants' petition. On April 9, 1998, the district court granted defendants' petition. From that order, plaintiffs now appeal.

II.

It is obvious that the district court did not abuse its discretion by granting fees and costs in this action. All of plaintiffs' claims duplicated the claims in the action that was previously dismissed with prej-

3

udice; plaintiffs presented no new legal theories, facts, or claims in their subsequent action. Therefore, plaintiffs' second action was patently frivolous, and, as the district court correctly noted, any fees and costs incurred by defendants in litigating the action were "totally unnecessary." J.A. at 123.

Plaintiffs challenge the district court's award of fees and costs on three primary grounds, none of them meritorious. First, plaintiffs allege that the district court lacked subject matter jurisdiction over their second action. Plaintiffs initially claim that they made an "inadvertent reference" to § 1981 in their second action, and therefore that their second action contained no federal claims. Br. of Appellants at 12. This argument, however, verges on the frivolous; far from a mere typographical slip, plaintiffs asserted their § 1981 claim fully and completely in their second complaint. See supra at 4. Further, once defendants removed the second action to federal court, plaintiffs took no steps to dismiss the federal claim, thus belying their assertion that the inclusion of the claim was "inadvertent." Plaintiffs additionally assert that, even if their complaint did contain a§ 1981 claim, it was insufficient to confer subject matter jurisdiction over the second action because any § 1981 claim would have been time-barred. This argument likewise fails, because the fact that the statute of limitations may have expired on the § 1981 claim is a defense to the claim -- which defendants may waive -- and not a jurisdictional defect. See, e.g., Fed. R. Civ. P. 8(c). Because plaintiffs evidently asserted a federal claim within the four corners of their complaint in the second action, the district court evidently had jurisdiction over that action on removal.

Second, plaintiffs allege that defendants improperly served their petition for fees and costs on Fallin, rather than on them directly. Specifically, plaintiffs claim that such service was improper because Fallin was not able to practice before the district court, apparently because he had not been admitted to the district court's bar. Plaintiffs' argument, however, fails because plaintiffs do not claim that they lacked notice of the petition. Although Fallin may not have been able to practice before the district court, he has remained plaintiffs' attorney throughout this action. Indeed, far from acting improperly, defendants were obligated to serve the petition for fees and costs on Fallin under Federal Rule of Civil Procedure 5(b), which requires service for

4

a "party represented by an attorney" to be made upon the attorney, and not the party. In any event, because plaintiffs do not claim they lacked notice of the petition, their claim of improper notice is facially deficient.

Third, plaintiffs contend that the district court should have ordered them to respond to defendants' petition for fees and costs before granting it. Plaintiffs base their claim on the district court's Local Rule 105.8.b, which bars the district court from granting a motion for sanctions under Rule 11 or 28 U.S.C. § 1927 without first requesting a response to the motion. This rule, however, plainly does not apply to petitions for fees and costs under 42 U.S.C.§ 1988, which itself contains no requirement that a court request a response before ruling on a petition for fees and costs. Further, plaintiffs had ample opportunity to respond to the petition -- indeed, over four months -- but, as was their wont throughout this litigation, failed to do so. Their claim that the district court should have ordered them to do so before awarding fees and costs is thus meritless.

Plaintiffs make a number of other claims; having considered them carefully, we hereby reject them. The judgment of the district court is affirmed.

AFFIRMED